IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MONICA FLORES, INDIVIDUALLY, | § | |
| | § | C. A. NO. 2:11-cv-00286 |
| Plaintiff, | § | |
| | § | |
| CARLOS ROSSEL, ET AL., | § | |
| | § | |
| Intervenors, | § | JURY DEMAND |
| vs. | § | |
| | § | |
| COOPER TIRE & RUBBER COMPANY | § | |
| | § | |
| Defendant. | § | |

## ORDER APPROVING MINOR SETTLEMENT AND AGREED FINAL JUDGMENT

On this day, came on to be heard the claims of all Plaintiffs and Intervenors named in this lawsuit against Cooper Tire & Rubber Company, including Plaintiff Monica Flores and Intervenors Carlos Rossel, Palmira Rossel and Castulo Gonzalez, Individually, as Representative of the Estate of Christina Rossel, Deceased, and as Next Friend of J.C., Minor, for a final adjudication as to all claims against Cooper Tire & Rubber Company, the full names of the parties to this Order Approving Minor Settlement and Agreed Final Judgment being as follows:

"Plaintiff": Monica Flores (referred to herein as "Plaintiff");

"Adult Intervenors": Intervenors Carlos Rossel, Palmira Rossel and Castulo Gonzalez, Individually, as Representative of the Estate of Christina Rossel, Deceased, and as Next Friend of J.C., Minor (collectively referred to herein as "Adult Intervenors");

"Minor": J.C., by and through his/her Next Friend, Castulo Gonzalez (referred to herein as "Minor");

"Estate": Estate of Christina Rossel, Deceased, by and through its representative, Castulo Gonzalez (referred to herein as "Estate"); and

"Cooper": Settling Defendant, Cooper Tire & Rubber Company (referred to herein as "Cooper").

1.  All parties to this Order Approving Minor Settlement and Agreed Final Judgment and the Guardian *ad Litem* appointed by the Court for the Minor, Todd Robinson, appeared, announced ready for trial, waived a trial by jury, and announced to the Court settlements, subject to the Court's approval with respect to the Minor's settlement, that would fully and finally resolve all claims, demands, and causes of action that have been or could have been brought in this case by Plaintiff, Adult Intervenors, the Estate and the Minor against Cooper, including all claims for injuries and damages received by Plaintiff, Adult Intervenors, the Estate and the Minor that have been brought or could have been brought against Cooper relating to the incident made the basis of this lawsuit.

2.  The parties announced that the settlement was made on disputed claims, Cooper having denied any and all liability to Plaintiff, Adult Intervenors, the Estate and the Minor. The parties requested from the Court a final judgment that Plaintiff, Adult Intervenors, and the Estate TAKE NOTHING from Cooper in this lawsuit and awarding the periodic payments to the Minor referenced in the Settlement Agreement as to the Minor.

3.  The Court also heard evidence concerning the reasonableness of the settlement between the Minor and Cooper, including the facts of the incident, any fault of the parties, the alleged injuries and damages received by the Minor, and all other evidence deemed by the Court necessary to make a determination of the fairness of the settlement between the Minor and Cooper. The Court then decided that the liability of Cooper is uncertain; that the settlement between Cooper and the Minor is fair and in the best interest of the Minor; that the settlement between the Adult Intervenors (in all capacities) and Cooper encompasses all claims, demands, and causes of action of Adult Intervenors, the Estate and the Minor against Cooper, for all existing or future, actual or potential, or as yet unrecognized claims, demands, and causes of

action against Cooper arising from the incident giving rise to this suit. The Court decided the settlement between the Minor and Cooper should be approved. The Court now approves the settlement being entered into by and on behalf of the Minor and Cooper.

4. The parties have agreed that the settlement amounts, terms and conditions are confidential; therefore, the amounts paid by or on behalf of Cooper for the benefit of the Minor are not recited in this Order Approving Minor Settlement and Agreed Final Judgment, but all settlement amounts have been fully described to and reviewed by the Court *in camera* and the Guardian *ad Litem* for the Minor and are stated in the Confidential Release and Indemnity Agreement (herein referred to as the "Settlement Agreement") entered into between Adult Intervenors (in all capacities) and Cooper. The Court found that the amount of monetary consideration paid by or on behalf of Cooper to the Adult Intervenors, the Estate and the Minor, and the apportionment of that consideration among the Adult Intervenors, the Estate, the Minor and their counsel, are not matters that have a probable adverse effect upon the general public health or safety, the administration of public office or the operation of government. The terms and conditions of the Settlement Agreement, including the amount to be paid for the benefit of the Minor by or on behalf of Cooper, are expressly approved by the Court and the Guardian *ad Litem* for the Minor and incorporated by reference herein.

5. It is further agreed that the Minor shall receive future periodic payments, to be funded by or on behalf of Cooper, as described in the Settlement Agreement, free and clear of all costs, expenses, and attorneys' fees.

6. IT IS ORDERED, ADJUDGED, and DECREED that the Plaintiff, Monica Flores, the Adult Intervenors, Carlos Rossel, Palmira Rossel and Castulo Gonzalez, Individually, as Representative of the Estate of Christina Rossel, Deceased, and as Next Friend of J.C., Minor,

and the Estate, TAKE NOTHING by reason of this lawsuit against Defendant Cooper Tire & Rubber Company and that taxable costs of court shall be paid by the party incurring same.

7. It is further ORDERED, ADJUDGED, and DECREED that the Minor, J.C., shall recover the Future Periodic Payments, to be funded by or on behalf of Cooper, described in the Settlement Agreement, free and clear of all costs, expenses, and attorneys' fees.

8. It is further ORDERED, ADJUDGED, and DECREED that Cooper or the Assignee, MetLife Tower Resources Group, Inc. ("Assignee"), may purchase annuity policies from the annuity issuer, Metropolitan Life Insurance Company ("Annuity Issuer"), to discharge the obligation to make the future periodic payments for the benefit of Minor; that a qualified assignment of the obligations to make the future periodic payments for the benefit of Minor may be made under section 130(c) of the Internal Revenue Code, under which assignment the Assignee would be the owner of the annuity policy; and that, if Cooper and/or its insurers purchase the requisite annuity policy and execute a qualified assignment of the annuity policy, then Cooper and their insurers shall have no further obligations for the future periodic payments for the benefit of the Minor awarded by this Order Approving Minor Settlement and Agreed Final Judgment.

9. Once the present cash sums recited in the Settlement Agreement have been fully paid by or on behalf of Cooper to the Plaintiff, Adult Intervenors and the Estate, and once there has been a purchase of the requisite annuity policy by or on behalf of Cooper or the Assignee to provide for the future periodic payments for the benefit of Minor required under this Order Approving Minor and Agreed Final Judgment, and once a qualified assignment has been executed as to the obligations to make the future periodic payments, it is ORDERED,

ADJUDGED, and DECREED that this Order Approving Minor Settlement and Agreed Final Judgment shall be considered to be fully satisfied and discharged as to Cooper.

10. The Court further finds that, to the extent required, Plaintiff, Adult Intervenors (in all capacities) and the Estate have agreed that all medical aid, hospital services, doctor services, psychiatric or psychological services, chiropractor services, nursing, drugs, property damage, worker's compensation, attorney fees (including hourly fees), and Medicare, Medical and hospital liens past, present, and future arising as a result of the underlying accident have been or will be fully satisfied or compromised by, or will be the sole responsibility of, the Adult Plaintiffs (in all capacities) and the Estate. Plaintiff, the Adult Intervenors (in all capacities), and the Estate have further agreed to INDEMNIFY, HOLD HARMLESS, and DEFEND Cooper (up to and including, but not exceeding, the amount of Consideration paid to each by Cooper) from any and all such claims, demands, actions, and causes of action of any nature or character and any other claims, demands, actions, and causes of action which may have been or may hereafter be asserted against Cooper by any person, insurer, firm, company, and/or corporation (including, but not limited to, any and all Medicare and Medicaid liens) claiming under any alleged subrogation rights, including, but not limited to property damage, worker's compensation liens, child support liens or judgments, attorney fees, and/or hospitals' or doctors' liens under the Texas Hospital Lien Law.

11. The Court further finds that Plaintiff and Adult Intervenors (in all capacities) have agreed to DEFEND AND INDEMNIFY Cooper from and against any fine, penalty, suit, regulatory, or administrative proceeding resulting from the false or incorrect reporting of information required by Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 and to fulfill whatever obligations required of them under the Medicare Secondary Payer

5

Act as contemplated under Section 1862(b) of the Social Security Act (42 USC Section 1395y(b)(6)) and applicable regulations found at 42 CFR Part 411 and Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007. It is understood that Plaintiff and Adult Intervenors are not required to indemnify Cooper as a result of any fine, penalty, suit, regulatory, or administrative proceeding resulting from any such false or incorrect reporting of information provided by anyone other than Plaintiff and Adult Intervenors and/or their counsel.

12. IT IS FURTHER ORDERED, ADJUDGED, and DECREED that Cooper is fully relieved and discharged from any and all liability to Plaintiff, Adult Intervenors, the Estate and the Minor for the incident made the basis of this lawsuit upon funding of the settlement as referenced herein.

13. IT IS FURTHER ORDERED, ADJUDGED, and DECREED that Plaintiff, Adult Intervenors, the Estate and the Minor are denied all relief against Cooper not expressly granted by this Order Approving Minor Settlement and Agreed Final Judgment, whether the relief was requested or whether it could have been requested in this lawsuit.

14. It is further ORDERED that the Guardian *ad Litem* for the Minor, Todd Robinson, shall be paid the total sum of $3,000.00 for all services rendered for the benefit of the Minor relating to the settlement between the Minor and Cooper in this matter, which is to be paid per the agreement of the parties.

SIGNED this _____ day of 1/22/13 , 201__.

Hon. United States District Judge

APPROVED:

| By: _____ | By: _____ |
|---|---|
| Brantley W. White | Michael M. Guerra |
| Federal ID No. 22400. | Federal ID No. 18850 |
| SICO, WHITE, HOELSCHER & BRAUGH, LLP | LAW OFFICE OF MICHAEL M. GUERRA |
| 900 Frost Bank Plaza | 3900 N. 10th Street, Suite 850 |
| 802 North Carancahua | McAllen, Texas 78501 |
| Corpus Christi, Texas 78470 | (956) 682-5999 |
| (361) 653-3300 – Telephone | (888) 317-8802 (fax) |
| (361) 653-3333 – Facsimile | |
| | John Blaise Gsanger |
| *Counsel for Plaintiff, Monica Flores* | Federal ID. No. 20883 |
| | THE EDWARDS LAW FIRM |
| | 1400 Frost Bank Plaza (78470) |
| | P.O. Box 480 |
| | Corpus Christi, Texas 78403-0480 |
| | (361) 698-7600 |
| | (361) 698-7614 (fax) |
| | |
| | *Counsel for Intervenors, Carlos Rossel, Palmira Rossel and Castulo Gonzalez, Individually, as Representative of the Estate of Christina Rossel, Deceased, and as Next Friend of J.C., Minor* |

| | |
|---|---|
| By: /s/ *signature* <br> T. Christopher Trent <br> Federal ID No. 14244 <br> Sherry Bankhead <br> Federal ID No. 23177 <br> JOHNSON, TRENT, WEST & TAYLOR, LLP <br> 919 Milam Street, Suite 1700 <br> Houston, Texas 77002 <br> (713) 222-2323 – Telephone <br> (713) 222-2226 – Fax <br><br> and <br><br> Rebecca R. Kieschnick <br> Federal I.D. No. 0352 <br> DONNELL, ABERNATHY & KIESCHNICK, P.C. <br> 555 North Carancahua, Suite 400 <br> (78401-0817) <br> Post Office Box 2624 <br> Corpus Christi, Texas 78403-2624 <br> Telephone No.: (361) 888-5551 <br> Telecopier No.: (361) 880-5618 <br><br> *Counsel for Defendant, Cooper Tire & Rubber Company* | By: /s/ *signature* <br> Todd Anthony Robinson <br> Texas Bar No. 24007931 <br> BATEK & ROBINSON, LLP <br> 102 N. Staples <br> Corpus Christi, Texas 78401 <br> (361) 883-2200 <br><br> *Guardian ad Litem for the Minor, J.C.* |